[No. 16236-2-III. Division Three. March 10, 1998.]

BRETT DAVIS, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Appellant*.

372

*Christine O. Gregoire, Attorney General,* and *Mary A. McIntosh, Assistant,* for appellant.

*Harry E. Ries,* for respondent.

KATO, J. — The Department of Licensing appeals a superior court order enjoining it from suspending Brett Davis's driver's license pursuant to RCW 46.20.265. The

Department contends the superior court incorrectly interpreted the statute to apply only to persons younger than 18. We agree and reverse.

Mr. Davis, who was 19 years old at the time, pleaded guilty to possession of marijuana. The Department suspended his driver's license pursuant to RCW 46.20.265. Mr. Davis then filed this action seeking a declaratory judgment and an order enjoining the Department from suspending his license. The superior court concluded RCW 46.20.265 does not apply to persons 18 or older. The Department has appealed the superior court's order permanently enjoining the Department from suspending Mr. Davis' license.

■■■■ This case requires us to interpret the statutory license-revocation scheme. The meaning and purpose of a statute is a question of law, subject to de novo review. *State v. Hansen*, 122 Wn.2d 712, 717, 862 P.2d 117 (1993).

> Our function in interpreting a statute is to discover and give effect to the intent of the Legislature. *Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co.*, 105 Wn.2d 353, 358, 715 P.2d 115 (1986). To fulfill the Legislature's intent, statutes must be construed as a whole, and undue emphasis must not be placed on individual sections of a statute. *Finley v. Finley*, 43 Wn.2d 755, 761, 264 P.2d 246, 42 A.L.R.2d 1379 (1953). "To determine the intent of the Legislature, the court 'must look first to the language of the statute.' " *Service Employees Int'l Union, Local 6 v. Superintendent of Pub. Instruction*, 104 Wn.2d 344, 348, 705 P.2d 776 (1985) (quoting *Condit v. Lewis Refrigeration Co.*, 101 Wn.2d 106, 110, 676 P.2d 466 (1984)).

*Hansen*, 122 Wn.2d at 717.

RCW 46.20.265(1) provides:

> In addition to any other authority to revoke driving privileges under this chapter, the department shall revoke all driving privileges of a juvenile when the department receives notice from a court pursuant to RCW 9.41.040(5), 13.40.265, 66.44.365, 69.41.065, 69.50.420, 69.52.070, or a substantially similar municipal ordinance adopted by a local legislative authority, or from a diversion unit pursuant to RCW 13.40.265. The revocation shall be imposed without hearing.

This provision unambiguously requires the Department to revoke the driving privileges of "a juvenile" when it receives notice from a court of certain criminal violations, including violations of the Uniform Controlled Substances Act, RCW 69.50. Among the provisions triggering this revocation is RCW 69.50.420(1):

> If a juvenile thirteen years of age or older and under the age of twenty-one is found by a court to have committed any offense that is a violation of this chapter, the court shall notify the department of licensing within twenty-four hours after entry of the judgment.

Both of these provisions were enacted as part of a single piece of legislation in 1988. LAWS OF 1988, ch. 148, §§ 5, 7. However, RCW 69.50.420(1) originally required notification of drug violations by "a juvenile under eighteen years of age, but thirteen or over." LAWS OF 1988, ch. 148, § 5. The next year the Legislature amended the provision to its present language, requiring notification of drug violations by "a juvenile thirteen years of age or older and under the age of twenty-one." LAWS OF 1989, ch. 271, § 120.

By its amendment, the Legislature clearly intended to extend the license-revocation scheme for drug violators up to age 21 rather than up to age 18 under the original statute. Confusing the issue, however, is the Legislature's use of the word "juvenile" in both RCW 46.20.265(1) and RCW 69.50.420(1). The latter provision suggests a person may be a "juvenile" up to age 21.

Mr. Davis points out that RCW 13.40.020(14) defines "juvenile" as "any individual who is under the chronological age of eighteen years and who has not been previously transferred to adult court pursuant to RCW 13.40.110 or who is otherwise under adult court jurisdiction." But this definition applies only for purposes of the Juvenile Justice Act of 1977, chapter 13.40 RCW. RCW 13.40.020. The Act's definition of "juvenile" does not apply here.

The superior court and Mr. Davis mistakenly rely on other triggering provisions to which RCW 46.20.265 refers.

Each of these triggering provisions has a separate age limitation similar to but not identical to that in RCW 69.50.420. Specifically, RCW 9.41.040(5) (relating to reporting of firearms violations in vehicles) refers to "a person under the age of eighteen years." RCW 13.40.265(1)(a) (relating to reporting of alcohol or drug violations prosecuted in juvenile court) refers to "a juvenile thirteen years of age or older." RCW 66.44.365(1) (relating to reporting of alcohol or drug violations) refers to "a juvenile thirteen years of age or older and under the age of eighteen." Finally, RCW 69.41.065(1) and RCW 69.52.070(1) (both also relating to drug violations), refer to "a juvenile thirteen years of age or older and under the age of twenty-one." While it is true these provisions are not consistent with each other, it is clear from the statutory scheme that the Legislature intended to and did extend the period during which drug violations result in driver's license revocations.

Mr. Davis also directs the court's attention to a separate portion of the revocation statute, RCW 46.20.265(4), which provides:

(a) If the department receives notice pursuant to RCW 13.40.265(2)(b) from a diversion unit that a juvenile has completed a diversion agreement for which the juvenile's driving privileges were revoked, the department shall reinstate any driving privileges revoked under this section as provided in (b) of this subsection.

(b) If the diversion agreement was for the juvenile's first violation of chapter 66.44, 69.41, 69.50, or 69.52 RCW, the department shall not reinstate the juvenile's privilege to drive until the later of ninety days after the date the juvenile turns sixteen or ninety days after the juvenile entered into a diversion agreement for the offense. If the diversion agreement was for the juvenile's second or subsequent violation of chapter 66.44, 69.41, 69.50, or 69.52 RCW, the department shall not reinstate the juvenile's privilege to drive until the later of the date the juvenile turns seventeen or one year after the juvenile entered into the second or subsequent diversion agreement.

These subsections refer to the diversion agreement provisions of the Juvenile Justice Act, RCW 13.40.080. *See* RCW 13.40.265(2)(a). Obviously, these provisions apply only to persons younger than age 18, as the term "juvenile" is so defined in the Act. *See* RCW 13.40.020(14). Mr. Davis points out this means a drug offender younger than 18 would be eligible for reinstatement of his or her driver's license after 90 days, but an offender older than 18 would be subject to a full, one-year revocation because. he or she would not be eligible to participate in a diversion agreement.[1] Mr. Davis argues this interpretation makes no sense, but the difference is consistent with the Legislature's intent in the Juvenile Justice Act to respond to the particular "needs of youthful offenders." RCW 13.40.010(2). *See State v. Chatham*, 28 Wn. App. 580, 583, 624 P.2d 1180, *review denied*, 96 Wn.2d 1006 (1981). Certainly the inconsistency alone is not a reason for interpreting the statutory scheme in a way that is contrary to its plain language.

Finally, Mr. Davis contends this interpretation violates the equal protection guaranties of the Fourteenth Amendment and of Const. art. 1, § 12. The Supreme Court addressed a similar issue in *State v. Shawn P.*, 122 Wn.2d 553, 859 P.2d 1220 (1993), in which the Department revoked the license of a 16-year-old who unlawfully consumed alcohol. *Id.* at 556. The court noted the legislation's purposes were to deter unlawful use of alcohol and drugs and to promote highway safety. *Id.* at 562-63. Recognizing that persons under the age of 18 frequently are treated differently under the criminal law, the court concluded there were rational reasons for treating teenagers differently from younger or older offenders. *Id.* at 564-65.

In this case, Mr. Davis challenges the amended statute's classification of drug offenders between the ages

---

[1]The Department replies that a diversion agreement "may include a period extending beyond the eighteenth birthday of the divertee." RCW 13.40.080(4)(a). However, this does not detract from Mr. Davis's point, which is that offenders 18 and older are treated differently from those under 18.

of 18 and 21.[2] These offenders are treated differently from younger offenders because they are not eligible for diversion agreements; they are also treated differently from older offenders who are not subject to license revocation. Because this classification does not involve a suspect or semisuspect class or a fundamental right, the rational relationship test is appropriate. *Id.* at 560-61.

> The rational relationship test is the most relaxed and tolerant form of judicial scrutiny under the equal protection clause. Under this test, the legislative classification will be upheld unless it rests on grounds wholly irrelevant to achievement of legitimate state objectives. The burden of proving the legislative classification unconstitutional is upon the party challenging the legislation. That party has the heavy burden of overcoming a presumption that the statute is constitutional. We generally will not declare a statute unconstitutional unless it appears unconstitutional beyond a reasonable doubt.

*Id.* at 561 (footnotes omitted).

■■ ■■ The purposes of the legislation at issue here, as with the similar statute in *Shawn P.*, are to deter drug use and promote highway safety. Certainly these are legitimate state objectives. The question, then, is whether the classification of drug offenders between the ages of 18 and 21 is wholly irrelevant to achievement of those goals.

The difference in treatment of younger offenders is justified by the legislative purpose in authorizing diversion agreements, which is that separate treatment is appropriate "for those youngsters whose offenses have been so few and so minor that involvement with a court would be counterproductive." *See Chatham*, 28 Wn. App. at 583 (quoting Mary Kay Becker, *Washington State's New Juvenile Code: An Introduction*, 14 GONZ. L. REV. 289, 308 (1979)).

As for the distinction between these offenders and those over 21, the rationale of *Shawn P.* continues to apply:

---

[2]The Department invites us to disregard this issue because Mr. Davis has not adequately briefed it. *See City of Spokane v. Taxpayers*, 111 Wn.2d 91, 96, 758 P.2d 480 (1988). However, Mr. Davis's reference to *Shawn P.* makes the nature of and authority for his argument clear. We therefore will address this issue.

This and similar legislation in other states recognizes that young people place a high value on their drivers' licenses. The purpose of this type of legislation is to help juveniles avoid using alcohol by providing the additional incentive of loss of driving privileges. The laws are thus designed, in part, to give juveniles a reason to say no and to provide them with a powerful peer-acceptable excuse to refrain from using alcohol.

*Shawn P.,* 122 Wn.2d at 563 (footnotes omitted). Loss of driving privileges can be a similar incentive for young people between the ages of 18 and 21 to avoid illegal involvement with drugs. While it may be true that this incentive would apply even to persons older than 21, "equal protection does not require [the Legislature] to attack every aspect of a problem. The Legislature is free to approach a problem piecemeal and to learn from experience." *Id.* at 567 (footnote omitted).

The statutory classification is not wholly arbitrary, as it is rationally related to the legitimate state objectives of promoting highway safety and deterring drug use.

The superior court erred in concluding the revocation provision did not apply to drug offenders over the age of 18. The judgment and order is reversed and the superior court's injunction is dissolved.

SWEENEY and BROWN, JJ., concur.

Review granted at 136 Wn.2d 1001 (1998).