[No. 24495-1-II.  Division Two.  November 16, 2001.]

THE STATE OF WASHINGTON, *Respondent,* v. PERRY OWEN HARVEY, *Appellant.*

*James M. Bendell*, for appellant (appointed counsel for appeal).

*Christopher O. Shea, Prosecuting Attorney*, and *Richard L. Suryan, Deputy*, for respondent.

QUINN-BRINTNALL, J. — Perry Harvey pleaded guilty to six offenses. For three of the offenses, the trial court imposed firearm enhancement sentences consecutive to the sentences for the underlying offenses. The court imposed a total sentence of 198 months. Later, recognizing that its treatment of the firearm enhancements was improper, the trial court resentenced Harvey to a 150-month exceptional sentence. Harvey now appeals the exceptional sentence. Because the sentence exceeds the statutory maximum, the State concedes that remand for resentencing is required.[1]

## FACTS

By 1997, Harvey had amassed an extensive criminal record, including felony robbery and assault convictions, and numerous misdemeanor convictions.[2] On June 10, 1997, the State charged Harvey with additional felonies:

---

[1] Resp't's Br. (Sept. 11, 2001) at 5.

[2] Harvey's criminal history included the following convictions: 1982 third degree escape; driving while intoxicated in 1985 (twice), 1990, 1993, 1994, and 1995; 1987 simple assault; 1988 second degree robbery; 1990 third degree theft; 1990 resisting arrest; 1989 second degree escape; 1990 second degree assault; 1990 second degree burglary; 1990 attempt to elude a pursuing police vehicle; and 1994

first degree burglary while armed with a firearm, and first degree assault while armed with a deadly weapon.

The burglary charge represented a "third strike,"[3] but the victims of the crime were "adamant" that they did not want Harvey to receive a life sentence. Because the victims were reluctant to assist with the prosecution, the State agreed to a plea bargain. Harvey agreed to plead guilty to three counts of residential burglary, including two with firearm enhancements; two counts of third degree assault, including one with a firearm enhancement; and one count of first degree unlawful possession of a firearm. In return, the State recommended a sentence of 17 years and 2 months (206 months).

The trial court accepted Harvey's plea and the agreement. Because it accepted the plea agreement, the trial court did not order a presentence investigation. It imposed sentences for the six counts as follows:

| Count and Charge | Sentence | Enhancement[4] |
| --- | --- | --- |
| I — Residential Burglary | 84 mos. | 36 mos. |
| II — Residential Burglary | 84 mos. | 36 mos. |
| III — Residential Burglary | 84 mos. | — |
| IV — 3rd Degree Assault | 60 mos. | 18 mos. |
| V — 3rd Degree Assault | 60 mos. | — |
| VI — Unlawful Possession | 108 mos. | — |

The court ordered that all the underlying sentences be served concurrently, for a total of 108 months. The court also ordered that the firearm enhancements run consecutively to all the underlying sentences and to each other, for a total of 90 months. Thus, Harvey's total sentence, including enhancements, was 198 months.

Harvey later moved under CrR 7.8 to correct his sentence. Among other claims, he argued that the trial court

resisting arrest. Harvey also had two juvenile convictions: second degree burglary and resisting arrest.

[3] *See* RCW 9.94A.030(29), .120(4).

[4] The trial court ordered that each enhancement be served consecutively to the longest of the underlying sentences, and consecutively to each other.

should have ordered that the firearm enhancements run concurrently rather than consecutively.[5]

The trial court held several hearings on the CrR 7.8 motion before it resentenced Harvey on March 12, 1999. At these hearings, the State argued that the court had the authority to impose an exceptional sentence, and it requested an exceptional sentence not to exceed the original sentence imposed. At the resentencing hearing on March 12, 1999, the prosecutor indicated that he could not find an applicable ground on which to impose an exceptional sentence and that they were therefore "stuck with the ten years." Report of Proceedings (Mar. 12, 1999) at 1.

The trial court, however, imposed an exceptional sentence on its own motion, based primarily on Harvey's misdemeanor history and the court's finding that Harvey's offender score would result in a presumptive sentence that was too lenient in light of the purposes of the Sentencing Reform Act of 1981 (SRA). In its oral ruling, the trial court stated:

> I am going to impose the top end of the range on all the offenses which run concurrently. So that would be 116 months. I am going to impose an additional 54 months for an exceptional, so the total of the exceptional sentence I am giving is 150 months which is 12.5 years. I will impose 54 months of enhancements, 36 months on Counts I and II which will run concurrently, 18 months on Count IV and those two enhancements, 18 and 36, will run consecutively so there would be 54 months enhancement. So total 12.5 years with the 54 months in there as enhancements.

Report of Proceedings (Mar. 12, 1999) at 13. The trial court's written judgment and sentence was consistent with the oral ruling except that it imposed a 96-month sentence for unlawful possession of a firearm, rather than the 116

---

[5] The Sentencing Guidelines Commission noted that consecutive sentences on firearm enhancements were contrary to the Washington State Supreme Court holding in *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 955 P.2d 798 (1998). (*Charles* was subsequently limited to its facts when the legislature amended the statute underlying the decision.) It sent a letter to the trial court detailing its concerns and asking for a clarification of Harvey's sentence. But Harvey had filed his CrR 7.8 motion before the Commission sent this letter.

months indicated in the oral ruling.[6] The trial court imposed a total term of confinement of 150 months, which included 96 months of underlying sentences and 54 months of enhancements, as follows:

| Count and Charge | Sentence[7] | Enhancement | Total |
|---|---|---|---|
| I—Residential Burglary | 84 mos. | 36 mos.[8] | 120 mos. |
| II—Residential Burglary | 84 mos. | 36 mos.[9] | 120 mos. |
| III—Residential Burglary | 84 mos. | — | 84 mos. |
| IV—3rd Degree Assault | 60 mos. | 18 mos. | 78 mos. |
| V—3rd Degree Assault | 60 mos. | — | 60 mos. |
| VI—Unlawful Possession | 96 mos. | — | 96 mos. |
| **TOTAL** | 96 mos. | 54 mos. | **150 mos.** |

To support the exceptional sentence, the trial court entered the following findings:

1. The Defendant's prior record . . . reflects an offender score that is appreciably in excess of nine (9), which is the top of the SRA sentencing grid.

2. Likewise, the Defendant has an extensive misdemeanor and gross misdemeanor criminal record of at least twelve (12) such offenses, many of which are substance abuse related.

3. The facts of this case, as represented by the pleadings and the parties, reflect that it occurred due to excessive alcohol consumption by the Defendant.

4. That although the standard ranges and enhancements are accurately reflected in the original Judgment and Sentence and with enhancements exceed ten (10) years, absent an exceptional sentence, the maximum sentence

---

[6] Although there is no explanation for the numerical change in the underlying sentence, the written judgment addresses an addition error in the trial court's oral ruling.

[7] To run concurrently with each other.

[8] To run concurrently with the enhancement on Count II, and consecutively to the enhancement on Count IV.

[9] To run concurrently with the enhancement on Count I, and consecutively to the enhancement on Count IV.

that may be imposed in this matter is for a total of ten (10) years' incarceration.

5.  That the operation of the multiple offense policy of RCW 9.94A.400 results in a sentence that is clearly too lenient in light of the purpose of the SRA as set forth in RCW 9.94A.010.

Clerk's Papers at 16. The trial court concluded that each finding was sufficient independently to support the exceptional sentence.

Harvey appeals the sentence, arguing that (1) the court imposed a sentence that exceeded the maximum statutory sentence; (2) the State violated the plea agreement, thus vitiating the imposition of the exceptional sentence; (3) res judicata barred the trial court from considering an exceptional sentence upon resentencing; (4) there were not substantial and compelling reasons to support an exceptional sentence; and (5) the trial court erred by imposing an exceptional sentence without first holding a "real facts" hearing. We agree only with Harvey's first claim, that his sentence may not exceed the maximum statutory sentence, and remand for resentencing.

## DISCUSSION

We note that the trial court must apply the sentencing laws in effect on the date Harvey committed the crimes. RCW 9.94A.345 ("[a]ny sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed"). Therefore, in this opinion we shall apply the sentencing statutes in effect in June 1997.[10]

I. Count IV—sentence exceeding the statutory maximum

This court may address for the first time on appeal

---

[10] Harvey committed the crimes charged in Counts I, II, and IV-VI on June 8, 1997; he committed the crime charged in Count III on July 29, 1997. Some of the statutes referred to herein were amended as of July 1, 1997. However, the sentence imposed for Count III is not on appeal, and we apply the laws in effect in June 1997 to the remaining counts.

the imposition of a criminal penalty that is not in compliance with sentencing statutes. *State v. Moen*, 129 Wn.2d 535, 543-48, 919 P.2d 69 (1996). "[A] court may not impose a sentence providing for a term of confinement . . . which exceeds the statutory maximum for the crime as provided in chapter 9A.20 RCW." Former RCW 9.94A.120(13) (1996).[11] Because sentencing enhancements are not substantive offenses in Washington,[12] the maximum sentence that may be imposed for a crime includes any applicable statutory sentencing enhancements. *See United States v. LaBonte*, 520 U.S. 751, 758, 762, 117 S. Ct. 1673, 137 L. Ed. 2d 1001 (1997) (interpreting enhancements for federal drug felonies).[13]

Harvey was convicted of third degree assault in Count IV. For this crime, the trial court ordered Harvey to serve a base sentence of 60 months, which was the top of the standard presumptive range, plus a firearm enhancement of 18 months, for a total of 78 months.

Third degree assault is a Class C felony and carries a statutory maximum sentence of five years (60 months). Former RCW 9A.36.031 (1996); former RCW 9A.20.-021(1)(c) (1996). Therefore, the trial court does not have authority to impose a sentence that exceeds 60 months for this crime. The trial court is required to impose the mandatory 18-month firearm enhancement and is required to order that the enhancement run consecutively to all other sentencing provisions. Former RCW 9.94A.310(3)(e) (1996).

---

[11] Effective July 1, 2001, this subsection was renumbered (5). Laws of 2000, ch. 28, § 5.

[12] *See State v. Silva-Baltazar*, 125 Wn.2d 472, 478-79, 886 P.2d 138 (1994) (RCW 69.50.435, and the corresponding provision in RCW 9.94A.310(5), were intended to enhance penalties, not create a separate crime).

[13] In 1997, there was no statutory definition of "statutory maximum sentence" in Washington. As of July 1, 2001, "statutory maximum sentence" means "the maximum length of time for which an offender may be confined as punishment for a crime as prescribed in chapter 9A.20 RCW, RCW 9.92.010, the statute defining the crime, or other statute defining the maximum penalty for a crime." RCW 9.94A.030(40).

Therefore, as the State concedes,[14] the 18-month firearm enhancement must be included in the total sentence for this crime, which cannot exceed 60 months.

In effect, this means that the trial court cannot sentence Harvey to a base sentence that exceeds 42 months (60 months maximum minus 18 months enhancement) for this crime. We hold that the trial court erred in imposing a total sentence that exceeded the statutory maximum of five years for this crime, and we remand for resentencing on Count IV.

When Harvey committed the crimes in 1997, RCW 9.94A.420 provided, "If the presumptive sentence duration given in the sentencing grid exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence." In 1998, the legislature amended it and added, "If the addition of a firearm or deadly weapon enhancement increases the sentence so that it would exceed the statutory maximum for the offense, the portion of the sentence representing the enhancement may not be reduced." RCW 9.94A.420. While the 1998 amendment was not in effect when Harvey committed the crimes, the trial court should consider the language regarding the treatment of firearm enhancements when it resentences Harvey. *See Addleman v. Bd. of Prison Terms & Paroles*, 107 Wn.2d 503, 510, 730 P.2d 1327 (1986) (sentencing guidelines in new legislation apply retroactively because remedial statute " 'relates to practice, procedure or remedies, and does not affect a substantive or vested right' ") (quoting *Tellier v. Edwards*, 56 Wn.2d 652, 653, 354 P.2d 925 (1960)).[15]

---

[14] Resp't's Br. (Sept. 11, 2001) at 1, 4.

[15] We are aware of the recent cases of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *State v. Gore*, 143 Wn.2d 288, 21 P.3d 262 (2001). In *Apprendi*, the United States Supreme Court held that any fact (other than the fact of a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. New Jersey statutes provide for an increase in the statutory maximum sentence of certain crimes under certain circumstances (in *Apprendi*, the commission of a hate crime). N.J. Stat. Ann.

## II. Remaining Counts

As discussed in Section I above, the trial court may not impose a sentence that exceeds the statutory maximum sentence for the crime committed. Former RCW 9.94A.-120(13) (1996). The total sentence for the crime, including any applicable sentencing enhancement, may not exceed the statutory maximum sentence for the crime committed.

■ When the base sentences are to be served concurrently, the total sentence, including enhancements, may not exceed the statutory maximum sentence of the highest level felony among the crimes for which the defendant is convicted. For example, if a defendant is ordered to serve two sentences for Class C felonies (maximum five years) and two sentences for Class B felonies (maximum 10 years), with all sentences to be served concurrently, the total sentence (including enhancements) may not exceed 10 years, the statutory maximum for the most serious (Class B) felonies. If a defendant is convicted of a Class A felony, for which a life sentence is the maximum penalty, there is effectively no statutory maximum limit on the number of years the defendant may be ordered to serve.

The trial court ordered Harvey to serve all the base sentences concurrently. It then, in effect, bifurcated the enhancements from the underlying sentences and ordered those two enhancements and the enhancement on Count IV to be served consecutively to the longest underlying concurrent sentence (96 months for Count VI). This raised the total sentence to 150 months, thus exceeding the statutory maximum sentence for the highest level felony involved here, 120 months (10 years). The trial court erred in this regard, and we remand for resentencing.

---

§ 2C:44-3(e) (West Supp. 2000). Washington law does not provide for the increase in the statutory maximum sentence for a crime.

Aggravating factors neither increase the maximum sentence nor define a separate offense calling for a separate penalty. The state statutory scheme permits a judge to impose an exceptional sentence . . . without the factual determinations being charged, submitted to a jury, or proved beyond a reasonable doubt.

*Gore*, 143 Wn.2d at 314.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ARMSTRONG, C.J., and HUNT, J., concur.