54 P.3d 719 (2002)
STATE of Washington, Respondent,
v.
Gregory L. THOMAS, Appellant.
No. 49061-3-I.
Court of Appeals of Washington, Division 1.
September 30, 2002.
*720 Dana Nelson, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
Seth Fine, Everett, WA, for Respondent.
ELLINGTON, J.
The punishment imposed for an offense cannot exceed the maximum term set by the Legislature. When several offenses are sentenced together, the statutory maximum is applied to each offense separately. Thus, the total confinement imposed for each offense, including any enhancement for that offense, must not exceed the maximum. The fact that base sentences are served concurrently, while firearm enhancements are served consecutively, does not affect this determination.
Gregory Thomas was convicted of two counts of second degree robbery, each of which carried a mandatory 36-month firearm enhancement. Including the base sentence and firearm enhancement, the trial court imposed a total sentence of 120 months for each robbery. The statutory maximum sentence for robbery is 10 years, so each sentence complied with the statutory maximum. Firearm enhancements must be served consecutively to the base sentence and to any other firearm enhancement, so Thomas' total confinement time is 13 years. This does not amount to a sentence exceeding the statutory maximum, and we affirm Thomas' sentence.

FACTS
A jury convicted Gregory Thomas of two counts of second degree robbery while armed with a firearm.[1] Second degree robbery is a Class B felony; the statutory maximum for a Class B felony is 10 years (120 months).[2] Thomas' offender score was 14. The standard range for each robbery was 63 to 84 months, concurrent.[3] The court imposed concurrent 84-month sentences. The court further imposed the mandatory 36-month firearm enhancement for each robbery, to be served consecutively to each other and to the base sentences as required by former RCW 9.94A.310(3) (1995).[4] The sentence for each robbery therefore totaled 10 years. Because of the requirement for consecutive service of enhancements, Thomas' total confinement is 156 months (84 plus 36 plus 36). Thomas *721 argues his sentence exceeds the statutory maximum for second degree robbery.

DISCUSSION
The Sentencing Reform Act of 1981 acknowledges maximum term limitations by prohibiting the presumptive sentence from exceeding the statutory maximum sentence for the offense:
If the presumptive sentence duration given in the sentencing grid exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence. If the addition of a firearm or deadly weapon enhancement increases the sentence so that it would exceed the statutory maximum of the offense, the portion of the sentence representing the enhancement may not be reduced.[5]
Thomas contends this statute means that when base sentences are concurrent, the total sentence, including enhancements, cannot exceed the statutory maximum sentence of the highest level felony for which a defendant is convicted. Thomas contends that because the trial court ordered his base sentences to run concurrently, his total sentence should not have exceeded the 10-year maximum for one second degree robbery.
Thomas misunderstands how to calculate the statutory maximum. Every offense has its own maximum sentence and its own presumptive sentence.[6] Multiple offenses sentenced at the same time are not considered as a group; the statutory maximum is determined for each offense separately, not by an analysis of the total confinement for all offenses and enhancements.
RCW 9A.20.021 provides that "for a Class B felony," no person "shall be punished by confinement ... exceeding .... (b) a term of ten years[.]"[7] Sentences of 10 years each for two or more robberies can, under this statute, be imposed to be served consecutively, for a total of 20 or more years. The statute is not violated unless the total confinement ordered for any one offense exceeds 120 months.
Where several offenses are sentenced at the same time, the SRA presumption is that each sentence will be served concurrently; the offender score calculation includes "other current offenses" and yields a higher standard range that recognizes culpability for multiple offenses.[8] But firearm enhancements may not be served concurrently.[9] The fact that two sentences are to be served in part concurrently (the base sentences) and in part consecutively (the enhancements) is irrelevant to determining whether the sentence imposed for each offense complies with the legislative limit.
Thomas' interpretation also conflicts with the objectives of the firearm enhancement. The enhancement statute was originally enacted as part of the "Hard Time for Armed Crime" initiative, to provide increased penalties for offenders who commit crimes using firearmsincluding the requirement that all enhancements run consecutively to each other and to the base sentences.[10] The legislation is intended to "provide greatly increased penalties for gun predators and for those offenders committing crimes to acquire *722 firearms."[11] Under Thomas' interpretation, a defendant with a high offender score who commits multiple new crimes using guns might very well receive no enhanced punishment for the use of firearms simply because the enhancements, served consecutively, would equal the statutory maximum for any single offense.
Thomas relies on State v. Harvey.[12] There, the court held that when concurrent sentences are imposed, the total sentence, including enhancements, may not exceed the statutory maximum for a defendant's highest level felony conviction:
When the base sentences are to be served concurrently, the total sentence, including enhancements, may not exceed the statutory maximum sentence of the highest level felony among the crimes for which the defendant is convicted. For example, if a defendant is ordered to serve two sentences for Class C felonies (maximum five years) and two sentences for Class B felonies (maximum 10 years), with all sentences to be served concurrently, the total sentence (including enhancements) may not exceed 10 years, the statutory maximum for the most serious (Class B) felonies. If a defendant is convicted of a Class A felony, for which a life sentence is the maximum penalty, there is effectively no statutory maximum limit on the number of years the defendant may be ordered to serve.[13]
But Harvey has no application here. Harvey committed his crimes before the 1998 amendments to the weapon enhancement statute. Before those amendments, the Supreme Court in In re Charles[14] interpreted the statute as precluding consecutive enhancements when the base sentences were concurrent:
In the situation where the base sentences are to run concurrently, if the court runs the enhancements consecutively with the base sentences and then consecutively with each other, it is as if the court had taken the enhancement for one crime and stacked it on top of the enhancement which has been added to a different offense. This runs counter to the normal structure of the SRA.[15]
The Harvey court's holding is founded upon the principle of Charles, that when base sentences are concurrent, weapon enhancements must also be concurrent.
This principle, however, was short-lived. In 1998, the Legislature expressly overruled Charles by amending the statute to make it clear that weapon enhancements always run consecutively to the base sentences and consecutively to each other.[16]Harvey has no application in cases where the defendant committed his crimes after the June 12, 1998 effective date of the amendments to the weapon enhancement statute.
Here, with Thomas' offender score of 14, the range specified in the sentencing grid for each second degree robbery count was 63 to 84 months. Including the 36-month mandatory firearm enhancement, the presumptive sentence range was 99 to 120 months for each robbery count:

 Total
 Offender Seriousness Standard Standard Maximum
Count No Score Level Range Enhancements Range Term
 2 14 IV 63-84 mo 36 mo 99-120 mo 10 yrs
 3 14 IV 63-84 mo 36 mo 99-120 mo 10 yrs

Clerk's Papers at 7. The trial court imposed the high end of the range, making the sentence for each robbery count 120 months. This does not exceed the 10-year statutory maximum for Class B felonies. The fact that the base sentences are to be served concurrently, while the two enhancements must be *723 served consecutively to one another and to the base sentences, does not change the fact that the total sentence imposed for each offense is 10 years. There was no sentencing error.[17]
Affirmed.
GROSSE and AGID, JJ., concur.
NOTES
[1] Thomas committed his crimes on June 29, 1998.
[2] RCW 9A.56.210(2); RCW 9A.20.021(b).
[3] See RCW 9.94A.400.
[4] Recodified as RCW 9.94A.510(3) by Laws of 2001, ch. 10, § 6.
[5] Former RCW 9.94A.420 (1983), amended by Laws of 1998, ch. 235, sec. 3, recodified as RCW 9.94A.599 by Laws of 2001, ch. 10, sec. 6. This statute is virtually identical to a provision found in the firearm enhancement section of the SRA:

If the standard sentence range under this section exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence unless the offender is a persistent offender. If the addition of a firearm enhancement increases the sentence so that it would exceed the statutory maximum for the offense, the portion of the sentence representing the enhancement may not be reduced.
RCW 9.94A.510(3)(g).
[6] See Adult Sentencing Guidelines Manual 2001 at I-14; see also former RCW 9.94A.420 (presumptive sentence cannot exceed "the statutory maximum sentence for the offense") (emphasis added).
[7] (Emphasis added).
[8] See RCW 9.94A.525(1); RCW 9.94A.589(1)(a).
[9] RCW 9.94A.510(3).
[10] Former RCW 9.94A.310(3).
[11] 1995 Laws of Washington, ch. 129, § 1(2)(c).
[12] 109 Wash.App. 157, 34 P.3d 850 (2001).
[13] Harvey, 109 Wash.App. at 166, 34 P.3d 850.
[14] 135 Wash.2d 239, 955 P.2d 798 (1998).
[15] Charles, 135 Wash.2d at 254, 955 P.2d 798.
[16] See 1998 Laws of Washington, ch. 235, § 1.
[17] We reject the remaining arguments raised in Thomas' pro se supplemental brief. The State was not required to show that his gun was operable for purposes of a firearm enhancement, State v. Faust, 93 Wash.App. 373, 380, 967 P.2d 1284 (1998); there was no suggestive identification procedure, so the reliability of an in-court identification procedure is a matter for the jury, see State v. Vaughn, 101 Wash.2d 604, 611, 682 P.2d 878 (1984); and to the extent Thomas argues defense counsel was ineffective, he has failed to specify how counsel's performance was deficient or how he was prejudiced.