[No. 28181-3-II. Division Two. March 11, 2003.]

TODD NOEL GRAHAM, *Respondent*, v. THE STATE OF
WASHINGTON, *Appellant*.

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard A. Melnick, Deputy,* for appellant.

*Michael G. Borge,* for respondent.

Houghton, J. — The State appeals from an order restoring Todd Graham's right to own and possess a firearm, arguing that the trial court incorrectly interpreted RCW 9.41.040. We agree and reverse.

## FACTS[1]

On May 5, 1995, Graham was convicted of second degree child rape, a sex offense and a class A felony. RCW 9A-.44.076. He had not been convicted of any felonies, gross misdemeanors, or misdemeanors before or after May 5.

On September 20, 2001, Graham petitioned the superior court under RCW 9.41.040 for restoration of his right to own and possess firearms. He argued that the statute allows an individual to have his or her firearm rights restored if he or she has had no felony convictions and has been crime free for the preceding five years.

The court granted Graham's petition, reasoning that he had not been convicted of any offenses before the current

---

[1] The State does not challenge the trial court's findings of fact. We consider them verities on appeal. *State v. Broadaway,* 133 Wn.2d 118, 131, 942 P.2d 363 (1997).

felony that disabled his firearm rights. The court stated in its conclusions of law:

3. The second sentence of RCW 9.41.040(4) provides that a Petitioner who has not previously been convicted of certain offenses may petition to have his/her rights restored; . . .

4. To give meaning to the word "previously" in the second sentence of RCW 9.41.040(4) it would have to refer to a conviction prior to the conviction which is being addressed by the Petitioner.

Clerk's Papers (CP) at 11.

After the trial court denied the State's motion for reconsideration, it appealed.

## ANALYSIS

The State contends that the word "previously" in the second sentence of RCW 9.41.040(4)[2] refers to Graham's criminal record at the time he petitioned the court to restore his firearm rights, not his criminal record prior to the conviction that disabled his rights.

---

[2] RCW 9.41.040(4) in pertinent part reads,

Notwithstanding subsection (1) of this section, a person convicted of an offense prohibiting the possession of a firearm under this section other than murder, manslaughter, robbery, rape, indecent liberties, arson, assault, kidnapping, extortion, burglary, or violations with respect to controlled substances under RCW 69.50.401(a) and 69.50.410, who received a probationary sentence under RCW 9.95.200, and who received a dismissal of the charge under RCW 9.95.240, shall not be precluded from possession of a firearm as a result of the conviction. Notwithstanding any other provisions of this section, if a person is prohibited from possession of a firearm under subsection (1) of this section and *has not previously been convicted of a sex offense prohibiting firearm ownership* under subsection (1) of this section and/or any felony defined under any law as a class A felony or with a maximum sentence of at least twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored:

(a) Under RCW 9.41.047; and/or

(b)(i) If the conviction was for a felony offense, after five or more consecutive years in the community without being convicted or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525.

(Emphasis added.)

We review questions of statutory construction de novo. *Stuckey v. Dep't of Labor & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996). In doing so, we interpret statutory language to give effect to the legislature's intent. *Davis v. State ex rel. Dep't of Licensing*, 90 Wn. App. 370, 373, 952 P.2d 197 (1998), *aff'd*, 137 Wn.2d 957, 977 P.2d 554 (1999). If the statute's language is plain and unambiguous, we derive its meaning from the wording of the statute itself. *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991). A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable. *Berger v. Sonneland*, 144 Wn.2d 91, 105, 26 P.3d 257 (2001).

Here, the statute provides in part:

> if a person is prohibited from possession of a firearm under subsection (1) of this section and *has not previously been convicted of a sex offense prohibiting firearm ownership* under subsection (1) of this section and/or any felony defined under any law as a class A felony or with a maximum sentence of at least twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored.

RCW 9.41.040(4) (emphasis added). Graham was prohibited from possessing a firearm under RCW 9.41.040(1) because he was convicted of child rape, a class A felony, and a sex offense under the statute. The remaining question is whether the word "previously" as used in the provision means having a sex offense conviction at the time of petition or having one previous to the current conviction.

The State contends that the trial court's interpretation is contrary to legislative intent and would produce absurd results. It argues that the legislature, by omitting time periods for those convicted of class A felonies to restore their rights, intended that a person situated in Graham's position would never be able to restore his rights, unless he met RCW 9.41.040(3) exceptions.

Turning first to the statutory language, it is clear that the statute distinguishes sex offenses, such as child rape, which

is a class A felony, from other class A felonies. RCW 9.41.04.040(4). The statute describes two classes of persons ineligible to petition the court (a) those previously convicted of a sex offense that resulted in a loss of firearm rights under RCW 9.41.040(1) and (b) those convicted of a class A felony or a crime with a maximum sentence of at least 20 years, or both. RCW 9.41.040(4).

Here, Graham was convicted of child rape. The logical interpretation of the provision is that his sex offense conviction is a separate reason, aside from his class A felony, that makes him ineligible to have his firearm rights restored. Any other interpretation would lead to the absurd result of allowing an individual to be convicted of two sex offenses before losing the right to own and possess firearms.

 The provision in question was enacted as part of the Hard Time for Armed Crime Act in 1995. LAWS OF 1995, ch. 129, § 16. The Act intended to deter criminals from possessing and using firearms during commission of crimes. *State v. Thomas*, 113 Wn. App. 755, 760, 54 P.3d 719 (2002); *State v. Berrier*, 110 Wn. App. 639, 649-50, 41 P.3d 1198 (2002). Specifically, the legislature found that "[c]urrent law does not sufficiently stigmatize the carrying and use of deadly weapons by criminals, and far too often there are no deadly weapon enhancements provided for many felonies, including murder, arson, manslaughter, and child molestation and many other sex offenses including child luring." LAWS OF 1995, ch. 129, § 1(1)(c).[3] Declining to easily restore

---

[3] The findings and intent states in pertinent part,

(1) The people of the state of Washington find and declare that:

(a) Armed criminals pose an increasing and major threat to public safety and can turn any crime into serious injury or death.

(b) Criminals carry deadly weapons for several key reasons including: Forcing the victim to comply with their demands; injuring or killing anyone who tries to stop the criminal acts; and aiding the criminal in escaping.

(c) Current law does not sufficiently stigmatize the carrying and use of deadly weapons by criminals, and far too often there are no deadly weapon enhancements provided for many felonies, including murder, arson, manslaughter, and child molestation and many other sex offenses including child luring.

firearm rights to convicted class A felons and sex offenders is a way to promote such stigmatization.

Here, the statutory language, coupled with the legislature's express intent, leads us to conclude that the reference to "previous convictions" in the second sentence of RCW 9.41.040(4) means any conviction prior to the time of the petition, not a conviction prior to the one that disabled the petitioner's firearm rights. Such a construction is consistent with statutory intent of stigmatizing the use and possession of firearms and discouraging criminals from possessing and using firearms to commit crimes.

Reversed.

BRIDGEWATER and ARMSTRONG, JJ., concur.

(d) Current law also fails to distinguish between gun-carrying criminals and criminals carrying knives or clubs.

(2) By increasing the penalties for carrying and using deadly weapons by criminals and closing loopholes involving armed criminals, the people intend to:

(a) Stigmatize the carrying and use of any deadly weapons for all felonies with proper deadly weapon enhancements.

(b) Reduce the number of armed offenders by making the carrying and use of the deadly weapon not worth the sentence received upon conviction.

(c) Distinguish between the gun predators and criminals carrying other deadly weapons and provide greatly increased penalties for gun predators and for those offenders committing crimes to acquire firearms.

LAWS OF 1995, ch. 129, § 1.