[No. 73216-7. En Banc.]

Argued October 16, 2003.      Decided December 11, 2003.

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY LEON THOMAS, *Petitioner*.

---

*Dana M. Nelson* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioner.

*Janice E. Ellis, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

Owens, J. — We granted review in this case to resolve a question regarding the proper sentencing for firearm enhancements when a defendant is convicted of multiple crimes, at least two of which carry a firearm enhancement. Contrary to the holding in *State v. Harvey*, 109 Wn. App. 157, 34 P.3d 850 (2001), the Court of Appeals held in the present case that former RCW 9.94A.310(3)(g) (1998)[1] does not limit an offender's total period of confinement for multiple offenses to the statutory maximum for the most serious offense. *State v. Thomas*, 113 Wn. App. 755, 54 P.3d 719 (2002).

We affirm the Court of Appeals and hold that the trial court committed no sentencing error.

## FACTS

For acts committed on June 29, 1998, Gregory Thomas was found guilty on July 26, 2001, of two counts of second degree robbery and one count of unlawful possession of a firearm in the second degree. Second degree robbery is a class B felony, for which the maximum sentence is 10 years. RCW 9A.56.210(2); RCW 9A.20.021(1)(b). Unlawful possession of a firearm in the second degree, a class C felony,

[1] *Recodified as* RCW 9.94A.510(3)(g) (Laws of 2001, ch. 10, § 6).

carries a maximum sentence of five years. RCW 9.41-.040(2)(b); RCW 9A.20.021(1)(c). Given his offender score and the seriousness level of the offenses, the standard range for each robbery count was 63-84 months, with the mandatory firearm enhancement of 36 months increasing the total standard range for each count to 99-120 months. The standard range for unlawful possession of a firearm was 51-60 months. On each of the three counts, Thomas received the maximum total standard range sentence: that is, on each robbery count, Thomas received 120 months (an 84-month base sentence and a 36-month firearm enhancement), while on the unlawful possession count, Thomas received a 60-month sentence.

Consistent with former RCW 9.94A.400(1)(a) (1998) and former RCW 9.94A.360(1) (1998),[2] the base sentences of 84 months, 84 months, and 60 months were set to run concurrently. Because firearm enhancements are consecutive to the longest concurrent base sentence and to one another, former RCW 9.94A.310(3)(e), the trial court sentenced Thomas to a total period of confinement of 13 years: 7 years for the longest base sentence, plus 3 years for the count one enhancement and another 3 years for the count two enhancement.

Thomas appealed, arguing that under *Harvey* his total enhanced sentence should not have exceeded 10 years. Rejecting that argument, the Court of Appeals concluded that the trial court had correctly calculated Thomas's total enhanced sentence as 13 years. *Thomas*, 113 Wn. App. 755. We granted Thomas's petition for review. *State v. Thomas*, 149 Wn.2d 1009 (2003).

## ISSUE

Where a defendant is sentenced for multiple offenses, does former RCW 9.94A.310(3)(g), which limits the enhanced sentence for a single offense to the statutory maxi-

---

[2] *Recodified as* RCW 9.94A.589(1)(a) and RCW 9.94A.525(1) (Laws of 2001, ch. 10, § 6).

mum for the crime, also place a limit on the defendant's total period of confinement, capping it at the statutory maximum for the offender's highest level offense?

## ANALYSIS

■ *Standard of Review.* At issue is the meaning of certain provisions of the Sentencing Reform Act of 1981, chapter 9.94A RCW. The meaning of a statute is a question of law reviewed de novo. *State v. Ammons*, 136 Wn.2d 453, 456, 963 P.2d 812 (1998). The appellate court's paramount duty is "to discern and implement the intent of the legislature." *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). Where the plain language of the statute is unambiguous, the legislature's intent is evident, and the statute may not be construed otherwise. *Id.*

*Statutory Limits on Sentences with Firearm Enhancements.* Under RCW 9.94A.510(3) and (4), where a defendant is convicted of a single offense while armed with more than one firearm or other deadly weapon, "one enhancement must be applied for *each* firearm or other deadly weapon" that the offender or an accomplice is found to be carrying. *State v. DeSantiago*, 149 Wn.2d 402, 418, 68 P.3d 1065 (2003). Although multiple enhancements are to be applied for a single offense, the resulting sentence for the offense "would not [be] absurdly extend[ed]," because RCW 9.94A.510(3)(g) and (4)(g) provide that the total sentence for the crime cannot exceed the statutory maximum for the offense. *Id.* at 421. Thomas argues that this statutory limitation likewise applies in cases such as his, where a single firearm enhancement is added to each of two or more offenses. In his view, former RCW 9.94A.310(3)(g) caps his total period of confinement at the statutory maximum for the most serious of his three offenses.

■ Thomas's argument ignores the plain, unambiguous language of the statute. The sentencing grid in former RCW 9.94A.310(1) defines the standard sentence range for an offense based on the individual's offender score and the

seriousness level of the offense. Subsection .310(3) provides that, where an offender or accomplice is armed with a firearm, the standard sentence range for the offense will be enhanced five years for class A felonies, three years for class B, and 18 months for class C. Former RCW 9.94A.310(3)(a)-(c). In the first of its two sentences, former RCW 9.94A.310(3)(g) ensures that, if the standard sentence range, as defined in the subsection .310(1) grid, "exceeds the statutory maximum [sentence] for the offense, the statutory maximum sentence shall be the presumptive sentence unless the offender is a persistent offender." For example, although the grid provides a standard sentence range for Thomas's third count (unlawful possession of a firearm) of 51-68 months (the intersection of seriousness level III and an offender score greater than 9), his standard range sentence for that count is 51-60 months, since the statutory maximum for a class C felony is five years.

The second sentence in former RCW 9.94A.310(3)(g) likewise pertains to the standard sentence range for a single offense: "If the addition of a firearm enhancement increases the sentence so that it would exceed the statutory maximum for *the* offense, the portion of the sentence representing the enhancement may not be reduced." (Emphasis added.) In each of his first two counts, Thomas's firearm enhancement of 36 months did not result in an enhanced standard range sentence that exceeded the statutory maximum for *the* offense of second degree robbery; his standard range of 63-84 months (the intersection of seriousness level IV and an offender score of 14) with the addition of 36 months resulted in a 120-month sentence, the statutory maximum for a class B felony. Had the firearm enhancement caused the standard range sentence to exceed 120 months, subsection .310(3)(g) would have required a reduction in the base sentence to accommodate the firearm enhancement of 36 months.

In sum, nothing in the plain language of former RCW 9.94A.310(3)(g) suggests that an offender's total period of confinement for multiple offenses would be capped at the

statutory maximum for the highest level offense. The provision does not refer to multiple offenses but to *"the offense,"* and it makes no mention of the highest level offense. Subsection .310(3)(g) concerns only the calculation of the maximum standard sentence range for a single offense.

Also unavailing is Thomas's reliance on the rule set forth in *Harvey*:

> When the base sentences are to be served concurrently, the total sentence, including enhancements, may not exceed the statutory maximum sentence of the highest level felony among the crimes for which the defendant is convicted. For example, if a defendant is ordered to serve two sentences for Class C felonies (maximum five years) and two sentences for Class B felonies (maximum 10 years), with all sentences to be served concurrently, the total sentence (including enhancements) may not exceed 10 years, the statutory maximum for the most serious (Class B) felonies.

109 Wn. App. at 166. In its opinion in the present case, the Court of Appeals sought to explain and distinguish the outcome in *Harvey* by asserting that the holding was "founded upon the principle of [*In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 955 P.2d 798 (1998) (expressly overruled by statutory amendment)], that when base sentences are concurrent, weapon enhancements must also be concurrent." *Thomas*, 113 Wn. App. at 761. However, the *Harvey* decision did not strictly apply that principle, nor does that principle explain the more far-reaching rule in *Harvey*. Harvey was sentenced on six counts, which were to run concurrently. The longest base sentence was 96 months, and three of the other five counts had firearm enhancements of 36, 36, and 18 months. The trial court, presumably sentencing Harvey under the statutes effective in June 1997, ordered the firearm enhancements to run consecutively to the 96-month base sentence but ordered the two 36-month enhancements to run concurrently with each other and consecutively to the 18-month enhancement. Consequently, although the principle of *Charles* (which

made all enhancements run concurrently) would have pro-
duced a total sentence of 132 months (96 plus 36), the trial
court's total sentence was 150 months (96 plus 36 and 18).
Reviewing the 150-month sentence, the Court of Appeals
reduced Harvey's sentence to 120 months by applying not
the principle of *Charles* but the altogether new rule stated
above that, no matter how many concurrent offenses have
enhancements, the total sentence for all offenses cannot
exceed the statutory maximum for "the highest level felony
among the crimes for which the defendant is convicted."
*Harvey*, 109 Wn. App. at 166.

The *Harvey* court provided no authority for the rule, nor
did the court explain two of the rule's shortcomings. First,
the requirement that Harvey's sentence be reduced from
150 months to 120 months necessarily required the sen-
tencing court to reduce to 84 months the 96-month base
sentence for a crime that had no weapon enhancement. We
are aware of no statute permitting a firearm or deadly
weapon enhancement on one offense to result in a reduc-
tion in the sentence for another unenhanced crime. Second,
where a defendant is being sentenced concurrently for
multiple offenses, at least one of which is a class B felony,
the *Harvey* rule will invariably result in a maximum total
period of confinement of 10 years. In the present case,
whether Thomas was armed with one weapon in each
robbery, one weapon in the first robbery and several in the
second, or several weapons in each robbery, his maximum
total period of confinement could not exceed 10 years. The
sweeping *Harvey* rule, in effect, negates the statutory
provisions mandating firearm enhancements for individual
offenses. For the foregoing reasons, we reject the *Harvey*
court's determination that former RCW 9.94A.310(3)(g)
caps a defendant's total period of confinement for multiple
offenses at the statutory maximum for the offender's high-
est level offense.

## CONCLUSION

Former RCW 9.94A.310(3)(g) focuses steadfastly on limiting the sentence range for a single offense and cannot be read to place a limit on an offender's total period of confinement for multiple offenses. While the 10-year statutory maximum for second degree robbery provided a maximum sentence for each of Thomas's firearm-enhanced second degree robbery convictions, former RCW 9.94A.310(3)(g) did not cap at 10 years Thomas's total period of confinement. We conclude that the trial court committed no sentencing error. The Court of Appeals is affirmed.

ALEXANDER, C.J., and JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and FAIRHURST, JJ., concur.