218 P.3d 922 (2009)
152 Wash.App. 1005
STATE of Washington, Appellant,
v.
Sara Marie MIHALI, Respondent.
No. 37906-6-II.
Court of Appeals of Washington, Division 2.
September 3, 2009.
Publication Ordered November 3, 2009.
Karen Anne Watson, Pierce County Prosecutor's Office, Tacoma, WA, for Appellant.
¶Sara Marie Mihali, Tacoma, WA, (Appearing Pro Se).
PENOYAR, A.C.J.
¶ 1 The State of Washington appeals an order restoring Sara Marie Mihali's right to possess a firearm, contending that the trial court erred in finding that Mihali had satisfied the statutory requirements of RCW 9.41.040(4)(b). We agree and reverse and remand for the trial court to vacate its order restoring Mihali's right to possess firearms.

Facts
¶ 2 On June 27, 2000, the superior court sentenced Mihali to one day in jail following her October 21, 1999 plea to one count of conspiracy to manufacture a controlled substance. On October 13, 2004, Mihali obtained a certificate and order of discharge, which declared that she had met all her sentencing requirements, discharged her from DOC supervision, and restored all her civil rights except her right to possess a firearm.
¶ 3 On May 22, 2008, Mihali filed a petition for firearms restoration. In her petition, she disclosed the 2000 conviction, declared that she had no other pending criminal charges in any court, that she had no other prior felony convictions that prohibit possessing a firearm, and she declared:
I have spent five (5) or more years in the community following the conviction without having been convicted of or found not guilty by reason of insanity or charged with any other crime(s)[.]
Clerk's Papers (CP) at 26. She also declared that she had never been convicted of a felony where a firearm was used, was not under a civil or criminal court of order prohibiting possession of a firearm, was not a party to any domestic violence or restraining orders that would restrict firearm possession, and that she has never been involuntarily committed for mental health treatment.
¶ 4 The State opposed Mihali's petition, arguing that ten years needed to elapse before Mihali could petition the court because hers was a class B felony and it needed to wash out of her criminal history before she qualified for reinstatement. The trial court disagreed, ruling that Mihali qualified because she simply needed five consecutive years in the community without another conviction *923 following her 2000 conviction. It granted the petition and the State appeals.

Analysis
¶5 RCW 9.41.040(4) provides that a person with no sex offense or class A felony convictions may petition for restoration of her firearm rights:
(b)(i) If the conviction or finding of not guilty by reason of insanity was for a felony offense, after five or more consecutive years in the community without being convicted or found not guilty by reason of insanity or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525; or
(Emphasis added.)
¶6 The State argues that the plain language of RCW 9.41.040(4)(b)(i) allows Mihali to petition the court to reinstate her firearm rights if two conditions exist: (1) she has five or more consecutive years in the community without being convicted or currently charged with a crime since her conviction; and (2) she has no prior felony convictions in her criminal history that would be included in her offender score calculation that prohibit possessing a firearm. Absent both conditions, she may not petition the court for reinstatement. Applied here, the State argues, Mihali's 2000 class B felony will not wash out of her offender score until 2010. Thus, even though she meets the first criterion, she does not satisfy the second and is ineligible for reinstatement of her privilege to possess a firearm.
¶7 The State and the trial court disagreed on which date applies in determining eligibility under this statute. The trial court looked at Mihali's criminal history on the date she was sentenced in 2000 and found no prior disqualifying offenses. The State looked at Mihali's criminal history on the date she petitioned for restoration and found that her 2000 conviction disqualified her.
¶8 Graham v. State, 116 Wash.App. 185, 189, 64 P.3d 684 (2003), and State v. Hunter, 147 Wash.App. 177, 185, 195 P.3d 556 (2008), resolve this issue, both holding that the relevant date is the date the defendant petitions for restoration and not the date of the disabling offense. In Graham, we interpreted the phrase "has not previously been convicted":
Here, the statutory language, coupled with the legislature's express intent, leads us to conclude that the reference to "previous convictions" in the second sentence of RCW 9.41.040(4) means any conviction prior to the time of the petition, not a conviction prior to the one that disabled the petitioner's firearm rights. Such a construction is consistent with statutory intent of stigmatizing the use and possession of firearms and discouraging criminals from possessing and using firearms to commit crimes.
Graham, 116 Wash.App. at 190, 64 P.3d 684. In Hunter, the court considered this same phrase as well as the phrase pertinent here in RCW 9.41.040(4)(b)(i) that the defendant "has no prior felony convictions" and concluded that legislative interpretation has consistently held that the statute refers to the petitioner's criminal history at the time she files her petition not at the time of the disabling offense. 147 Wash.App. at 185, 195 P.3d 556 (citing cases holding that "`previously been convicted' refers to convictions entered before the petition for firearm restoration is filed, and does not refer solely to convictions entered before the conviction for which the petitioner's firearm rights were revoked.").
¶9 While neither case directly addresses the question presented here, the reasoning in both is sound and persuasive that the same interpretation applies to the language in RCW 9.41.040(4)(b)(i).[1]
¶10 Reading this provision as a whole, it is plain that the legislature intended for the court to look at the petitioner's status at the *924 time she filed her petition. First, the legislature begins the relevant portion of this statute with the phrase "after five or more years in the community," clearly requiring that at least five crime-free years lapse before a felon may petition. Second, in the same sentence, the statute contains this dependent clause: "if the individual has no prior felony convictions." Reading these provisions together can only mean that after five crime-free years, and if the person has no "prior" felony convictions, she may petition. This latter dependent clause is further limited to those prior convictions "that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525." Finally, the legislature's use of the word "prohibit" in the present tense in this clause clearly refers to the petitioner's criminal history at the time one files the petition.
¶11 After five years, Mihali's 2000 conviction is still part of her offender score and will remain so until she spends 10 years in the community without committing an offense. See RCW 9.94A.525(2)(b) ("ten consecutive years in the community without committing any crime that subsequently results in a conviction"). The legislature clearly intended for the trial court to look at the petitioner's criminal history when the petition was filed and not at the time of the disabling conviction.
¶12 We also note that our interpretation is consistent with stated legislative intent. In its 1996 Final Bill Report, the legislature expressly stated:
In some cases, after five years in the community without a conviction or current charge for any crime, a person whose right to possess a firearm has been lost because of a criminal conviction may petition a court of record for restoration of the right. However, the person must also have passed the "washout" period under the Sentencing Reform Act before he or she may petition the court. Effectively, this means that a person with a conviction for a class A felony or any sex offense can never seek restoration of the right. Generally, in the case of a class B felony the washout period is 10 years, and in the case of a class C felony it is five years.
Final Bill Rep. on Substitute H.B. 2420, at 2, 54th Leg., Reg. Sess. (Wash.1996) (emphasis added).
¶13 We reverse and remand for the trial court to vacate its order restoring Mihali's right to possess firearms.
We concur: HOUGHTON and BECKER, JJ.
NOTES
[1] The State argues that if we read that statute as a whole, harmonizing RCW 9.41.040(4)(b)(i) and (b)(ii), we would find the trial court's reasoning "illogical," citing In re Estate of Kerr, 134 Wash.2d 328, 335, 949 P.2d 810 (1998) (citing Omega Nat'l Ins. Co. v. Marquardt, 115 Wash.2d 416, 425, 799 P.2d 235 (1990)). Interpreting this section is not before us and thus we do not address this claim at this time.