195 P.3d 98 (2008)
STATE of Washington, Respondent,
v.
Frank Robert GOLDSMITH, Appellant.
No. 26403-3-III.
Court of Appeals of Washington, Division 3.
November 4, 2008.
*99 Cece Lana Glenn, Attorney at Law, Spokane, WA, for Appellant.
Andrew J. Metts, III, Spokane County Pros. Office, Spokane, WA, for Respondent.
SWEENEY, J.
¶ 1 The State may not place a defendant in jeopardy twice for the same crime. Here, the State charged the defendant with child molestation by the second prong of RCW 9A.44.083(1) (child molestation in the first degree). It alleged that the defendant knowingly caused two victims here to molest a third unidentified child. But the State proved that the defendant himself molested the two victims identified in the State's information. And a jury found him guilty of child molestation. The trial court arrested the judgment but refused to dismiss the case. We conclude that jeopardy terminated with the arrest of judgment and that further prosecution for these crimes is prohibited.

FACTS
¶ 2 The State charged Mr. Goldsmith by information on April 27, 2006, with three counts of first degree child molestation. Each count alleged that Mr. Goldsmith, between May 1, 2004, and June 30, 2005, knowingly caused either of the two identified victims, D.M.H. and L.M.B., to have sexual contact with an unnamed victim who was also under 18.
*100 ¶ 3 Mr. Goldsmith moved for a bill of particulars. He argued that the 13-month period charged in the information was vague and made it difficult for him to show his alibi. The court denied his motion. The court concluded that the information provided adequate notice of the nature of the charges despite the time frame, and the information did not unreasonably inhibit Mr. Goldsmith's ability to defend himself.
¶ 4 The case proceeded to trial. The State showed that Mr. Goldsmith, himself, had sexual contact with D.M.H. and L.M.B., but it offered no evidence that Mr. Goldsmith caused D.M.H. or L.M.B. to have sexual contact with another minorthe allegations set out in the information. The court instructed the jury that "[a] person commits the crime of child molestation in the first degree when the person has sexual contact with a child who is less than twelve years old, who is not married to the person, and who is at least thirty-six months younger than the person." Clerk's Papers (CP) at 81.
¶ 5 The jury found Mr. Goldsmith guilty of three counts of first degree child molestation for molesting D.M.H. and L.M.B., ages 10 and 9 respectively at the time of trial. Mr. Goldsmith timely moved for arrest of judgment pursuant to CrR 7.4. The State conceded the problem with the original information and moved to amend the information and retry Mr. Goldsmith. The court vacated the conviction but refused to dismiss the prosecution. The State then filed an amended information that again alleged three counts of first degree child molestation, during the same time frame, but alleged this time that Mr. Goldsmith, himself, had sexual contact with the two identified child victims.
¶ 6 Mr. Goldsmith objected and moved to dismiss the second information because it placed him in jeopardy again for the same crimes. The court denied his motion.

DISCUSSION
¶ 7 The question before us is whether Mr. Goldsmith has been placed in jeopardy again for the same crimes that the court dismissed because of the first informationan information that did not charge what the State proved. That is a question of law and one of constitutional magnitude. State v. Daniels, 160 Wash.2d 256, 261, 156 P.3d 905 (2007). And so our review is de novo. State v. Jones, 159 Wash.2d 231, 237, 149 P.3d 636 (2006).
¶ 8 The State charged Mr. Goldsmith with child molestation in the first degree by the second of two alternative means. In Washington a person commits the crime of first degree child molestation "[1] when the person has, or [2] knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.083(1). The State charged the second alternative means of committing first degree child molestation only. But it offered only evidence to show the first alternative means.
¶ 9 The State characterizes the issue as a problem with its pleading. Mr. Goldsmith characterizes the issue as a problem with the State's proof. The State parses the language of CrR 7.4 to argue that the court properly denied Mr. Goldsmith's motion to dismiss the prosecution for violation of the constitutional prohibition against double jeopardy. But the courts cannot by court rule, or through any other device for that matter, override constitutional protections against double jeopardy. See State v. Frawley, 140 Wash.App. 713, 720, 167 P.3d 593 (2007), petition for review filed (Wash. Oct. 9, 2007) (No. 80727-2). So the question before us is whether Mr. Goldsmith will be twice placed in jeopardy by a second trial.
¶ 10 The Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees "[n]o person shall be ... subject for the same offense to be twice put in jeopardy of life or limb." The Washington Constitution, article I, section 9, similarly protects a criminal defendant from being "twice put in jeopardy for the same offense." Our courts interpret both clauses identically. State v. Gocken, 127 Wash.2d 95, 107, 896 P.2d 1267 (1995); State v. Schoel, 54 Wash.2d 388, 391, 341 P.2d 481 (1959). The constitutional *101 guaranty against double jeopardy protects against a second prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
¶ 11 We must dismiss the amended complaint if Mr. Goldsmith is being placed in jeopardy twice for the same offenses. See State v. Corrado, 81 Wash.App. 640, 645, 915 P.2d 1121 (1996). The bar against double jeopardy applies if three elements are met. First, jeopardy previously attached. Id. Second, jeopardy is terminated. Id. And, third, the defendant is placed in jeopardy again for the same offense. Id. Here, jeopardy clearly attached, and the State does not suggest otherwise. The question then is whether jeopardy terminated so that the amendment here effectively amounts to a second prosecution for the same crime. See State v. Cox, 109 Wash.App. 779, 783, 37 P.3d 1240 (2002).
¶ 12 The State argues that, given the arrest of judgment, Mr. Goldsmith's jeopardy on the original charges continues. And the State could therefore file the amended complaint and again try Mr. Goldsmith, this time for the crime he actually committed, and the State proved.
¶ 13 Whether jeopardy terminated here or was "continuing" as the State alleges is also a question of law. See State v. Linton, 156 Wash.2d 777, 783, 132 P.3d 127 (2006).
¶ 14 The State charged first degree child molestation committed by the second alternative statutory meansMr. Goldsmith molested a third unnamed minor by the use of D.M.H. and L.M.B. RCW 9A.44.083(1).
¶ 15 A conviction does not always bar a second prosecution for the same offense. State v. Wright, 131 Wash.App. 474, 479, 127 P.3d 742 (2006). For example, in Wright the defendant remained in "jeopardy that attached during the first trial" because his original conviction for felony murder was reversed for reasons "other than insufficient evidence." Id. at 477, 127 P.3d 742. There, the state charged and the court instructed on felony murder with assault as the predicate crime for the felony murder. Id. And our state Supreme Court concluded in a separate case after Mr. Wright's first trial that assault may not serve as a predicate crime for felony murder. In re Pers. Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981 (2002).
¶ 16 Mr. Wright argued that the reversal of his murder conviction was the equivalent of an acquittal. Wright, 131 Wash.App. at 479, 127 P.3d 742. The court rejected his argument because "[t]he problem of conviction for a nonexistent crime is not a failure of proof." Id. at 480, 127 P.3d 742. Double jeopardy requires the first court to have had the opportunity to find the defendant guilty of the charge he now seeks to avoid. Id. at 481, 127 P.3d 742. We conclude that the court had that opportunity here with Mr. Goldsmith.
¶ 17 The State could have leveled the same charges against Mr. Goldsmith that it now alleges in its amended informationthat he molested these children. Or it could have charged the crimes in the alternativethat he caused another to molest these children or that he himself molested them. The State elected, apparently through inadvertence, to charge Mr. Goldsmith with causing the victims here to molest another. So, that is what it had to prove. See State v. Bryant, 73 Wash.2d 168, 171, 437 P.2d 398 (1968) ("It is axiomatic that the state has the burden of proving every element of the crime charged.").
¶ 18 The court concluded that the problem here was "merely a problem of notice." CP at 125. It is not. The information here adequately notifies Mr. Goldsmith of the necessary elements of the crimes the State says he committed. CP at 1-2. The State failed to prove those crimes, and the court then vacated the convictions. CP at 126. The trial court properly arrested the judgment, and it arrested the judgment because the State failed to prove material elements of the crimes charged.
¶ 19 The State must prove the essential elements of a crime. State v. Byrd, *102 125 Wash.2d 707, 713, 887 P.2d 396 (1995). And here the State did not prove the essential elements of the crime it charged. The problem is not a defective pleading or a lack of notice. The problem is a failure of proof of the essential elements of the crime charged. State v. Brown, 45 Wash.App. 571, 576, 726 P.2d 60 (1986) (finding that one cannot be tried for an uncharged offense).
¶ 20 This is not a case of defective information, as the State suggests. See State v. Kjorsvik, 117 Wash.2d 93, 812 P.2d 86 (1991). The information adequately charged and notified the defendant of the essential elements of the crime the State charged, just not the elements that the State proved or that the court instructed on. The fact that the court's instructions set out the correct elements of the crime does not resolve the problem. State v. Holt, 104 Wash.2d 315, 323, 704 P.2d 1189 (1985) ("an information which is constitutionally defective because it fails to state every statutory element of a crime cannot be cured by a jury instruction which itemizes those elements" (emphasis omitted)).
¶ 21 The State also complains that the defendant "sandbagged" the prosecutors, presumably by not complaining about the information when the State could have done something about it. Br. of Resp't at 5. But the State cites no authority for the proposition that the defendant has an affirmative obligation to notify the State that he did not commit the crime by the means charged, but that he did commit the crime by another means. And we find no such authority. Again, if the question were whether the information was defective, the defendant's failure to complain about the adequacy of the information at trial has implications for any error he assigns to the information on appeal. Kjorsvik, 117 Wash.2d at 102, 812 P.2d 86. But that is not the issue here.
¶ 22 Simply put, the State charged one crime and proved another. And it now wants to amend the information and again prove the same crime it proved during Mr. Goldsmith's first trial. We conclude that this violates constitutional prohibitions against double jeopardy. We then reverse the trial judge's order denying dismissal of the amended complaint and dismiss the prosecution.
WE CONCUR: KULIK, A.C.J., and BROWN, J.