**FILED**
**JULY 22, 2014**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30256-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VANCE LYNN BAKER, | ) | |
| | ) | |
| Appellant. | ) | |

PRICE, J.* — Vance Baker appeals his convictions for one count of child

molestation in the second degree and two counts of child molestation in the first degree,

contending the State failed to prove a crime charged in the amended information. He also

maintains that the trial court (1) improperly excluded evidence that one of the victims

made a false report to police, (2) incorrectly instructed the jury that it had a duty to

convict if the State proved its case beyond a reasonable doubt, and (3) erred in imposing a

variable term of community custody. In his pro se statement of additional grounds for

review (SAG), Mr. Baker asserts additional errors.

---

* Judge Michael Price is serving as judge pro tempore of the Court of Appeals
pursuant to RCW 2.06.150.

We affirm Mr. Baker's convictions, but remand for resentencing.

FACTS

During October 2008, 13-year-old L.L.B. disclosed to family that her uncle, Vance Baker, had been sexually molesting her. Detectives subsequently interviewed L.L.B. and she disclosed multiple incidents of sexual abuse by Mr. Baker. After additional disclosures of sexual abuse from Mr. Baker's daughter, M.J.B., the State filed a third amended information charging Mr. Baker with one count of first degree rape of a child, one count of child molestation in the second degree, and two counts of child molestation in the first degree.

Before trial, the State moved to exclude references to a 911 telephone call made to police by a male reporting that L.L.B. was the victim of a rape at her home. The State asked that the defense make an offer of proof outside the presence of the jury to address the issue. During a sidebar, defense counsel argued that the court should allow evidence that L.L.B. had made a false report about being raped. The prosecutor responded that there was no record of any report or of police taking a rape report from L.L.B.

When questioned about the alleged incident, L.L.B. could not recall the details of the telephone call. During cross-examination, she stated that she had told a friend, D., about her uncle's sexual abuse, and that D. called the police, mistakenly believing L.L.B.

was in danger of being raped. She explained, "[I]t was completely misunderstood. It was

in terms of like taking [sic] as if I was saying if it was happening but it was taken as I was

saying this is happening right now and the cops came to my house." Report of

Proceedings (RP) at 177. Defense counsel questioned L.L.B. as follows:

> Q    Police responded [to] the house because you told them on the
>      telephone that you were being raped?
> A    I wasn't on the telephone. It wasn't like I was being raped. It was
>      speaking like—I can't explain. It was—
>      . . . .
> Q    Was [D.] in your house?
> A    No.
> Q    Then how would have [D.] called the police? How would he have
>      known to call the police?
> A    I was talking to him on the computer.
> Q    You informed him that you were being raped and needed help?
> A    I didn't say I was being raped and I need help but I don't recall
>      saying any of that. Like I said, I don't remember hardly any of that
>      night.

RP at 178.

The trial court granted the State's motion to exclude the evidence, ruling it had

"very limited probative value with regard to credibility." RP at 181.

At trial, L.L.B. and M.J.B. testified that Mr. Baker touched their vaginas multiple

times over the course of many years. Mr. Baker's defense was that L.L.B. and M.J.B.

fabricated the allegations of abuse because of a pending divorce from M.J.B.'s mother.

3

The jury returned a verdict of guilty of two counts of first degree child molestation and one count of second degree child molestation. In addition to 120 months' confinement, the judgment and sentence ordered Mr. Baker to serve "the longer of" the period of early release or 48 months of community custody. Clerk's Papers (CP) at 299.

ANALYSIS

*Crime Charged Versus Crime Proved.* Mr. Baker first contends that the State failed to prove the crime it charged. He points out that count II (child molestation in the second degree) of the third amended information charged Mr. Baker with engaging in sexual contact with L.L.B. between May 25, 2004, and May 24, 2007, yet the jury was instructed that the State had to prove the sexual contact occurred between May 25, 2007, and November 1, 2008.

Whether the State proved something other than what it charged is a question of law that we will review de novo. *State v. Porter*, 150 Wn.2d 732, 735, 82 P.3d 234 (2004).

RCW 9A.44.086(1) defines child molestation in the second degree:

A person is guilty of child molestation in the second degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

4

The third amended information charged in part:

> That the said **VANCE LYNN BAKER** in the County of Benton, State of
> Washington, during the time intervening between the 25th day of May,
> 2004, and the 24th day of May, 2007, in violation of RCW 9A.44.073, did
> engage in sexual intercourse with and was at least twenty four months older
> than L.L.B. (D.O.B.: DOB 5-25-1995), a person who was less than twelve
> years of age and not married to the defendant.

CP at 147.

The State concedes that the date provided in the third amended information is in error because L.L.B. turned 12 on May 25, 2007, and the charge of second degree child molestation requires that the victim be older than 12 at the time of the crime. However, it contends that time is not a material element of the crime and that Mr. Baker was apprised of all the elements of the crime.

A review of the charging documents related to the second degree child molestation charge confirms that the date given in the third amended information was an error. The previous informations provided date ranges of May 25, 2007, to May 25, 2008. In view of the correct dates in the previous charging documents, the incorrect date in the third amended information appears to be a clerical error.

The issue before us is whether this mistaken date in the charging document is fatal to the conviction predicated upon that document. Relying on *State v. Goldsmith*, 147 Wn. App. 317, 195 P.3d 98 (2008), Mr. Baker maintains that because the dates in the "to

5

convict" jury instruction differ from those in the information by as much as four years, the jury did not find Mr. Baker guilty of the crime charged in the information.

In *Goldsmith*, we held that double jeopardy prohibited further prosecution for child molestation based on the same events where the trial court vacated a conviction after the State charged one means of committing child molestation but proved another means of committing the crime. *Id.* at 326. We held the State must prove the crime it charged even when through inadvertence it charges one crime but proves another. *Id.* at 322.

This case is distinguishable from *Goldsmith*. The State here did not charge one means and prove another. In *Goldsmith*, the State first charged Mr. Goldsmith only with committing child molestation by one of two alternative means. *Id.* Contrary to Mr. Baker's assertion, the incorrect time frame in the third amended information does not render the crime a legally distinct one from that which was provided.

The information provided all the essential elements of the crime. Time is not an essential element of child molestation, so long as there is no defense of alibi. *State v. Hayes*, 81 Wn. App. 425, 432-33, 914 P.2d 788 (1996). RCW 10.37.050(5) and (7) provide that an information is sufficient if it indicates that the crime was committed before the information was filed and within the statute of limitations, and the crime is stated with enough certainty for the court to pronounce judgment upon conviction.

6

Here, the State was only required to prove that the defendant knowingly had sexual contact with the victim, who was not his wife, when the victim was at least 12 years old but less than 14 years old. RCW 9A.44.086(1). The State proved these elements. Finally, Mr. Baker did not rely on an alibi defense. Rather, he attacked L.L.B.'s credibility and defended against the charge by presenting evidence that L.L.B. fabricated the allegations.

The State proved the crime charged in the information.

*Exclusion of L.L.B.'s Alleged False Report to Police.* Mr. Baker next contends that the trial court erroneously excluded evidence of L.L.B.'s alleged false report of a rape. He contends the evidence should have been admitted because it was relevant to his defense that L.L.B. fabricated the allegations of child molestation.

Citing ER 608, the trial court excluded the evidence as irrelevant for impeachment purposes. We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A trial court's determination to exclude evidence may be sustained on any proper basis in the record. *State v. Markle*, 118 Wn.2d 424, 438, 823 P.2d 1101 (1992).

Evidence tending to establish a party's theory is always relevant. *State v. Harris*, 97 Wn. App. 865, 872, 989 P.2d 553 (1999). Under ER 402, all relevant evidence is admissible unless a constitutional requirement, statute, rule, or regulation limits its admission. ER 608(b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness.

Mr. Baker's argument fails because the record does not support his claim that L.L.B. made a false report of rape. During the questioning detailed above, L.L.B. utterly denied making a telephone call to police, but otherwise could not recall much detail regarding the alleged false report. At most, it appears that L.L.B.'s friend called the police, mistakenly believing that L.L.B. was being raped. Accordingly, the court did not abuse its discretion in concluding that this evidence was of marginal relevance to impeach L.L.B.'s credibility.

The trial court did not abuse its discretion in excluding evidence of L.L.B.'s alleged false report of rape.

*Instructional Error.* Mr. Baker next contends that the court erred by instructing the jury as follows: "If you find from the evidence that each of these elements has been

8

proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty."

CP at 253, 255, 256. The language of this instruction is from the Washington pattern jury

instructions (criminal). Mr. Baker contends that under Washington law, juries never have

a duty to return a verdict of guilty and that the instruction violates article I, sections 21

and 22 of the Washington Constitution. According to Mr. Baker, the court should have

instructed the jury that it "may" convict because there is no "duty to convict" under

Washington law. Citing *Leonard v. Territory*, 2 Wash. Terr. 381, 7 P. 872 (1885), he

argues the instruction affirmatively misled the jury about its historical power to acquit

against the evidence.

The rationale that underlies Mr. Baker's challenge has been rejected by all three

Divisions of this court. In *State v. Meggyesy*, Division One of this court upheld an

identical instruction, holding that it did not violate the federal or state constitutions. *State

v. Meggyesy*, 90 Wn. App. 693, 701-04, 958 P.2d 319 (1998), *overruled on other grounds

in State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005); *State v. Bonisisio*, 92 Wn.

App. 783, 793-94, 964 P.2d 1222 (1998).

Division Two of this court followed suit in *Bonisisio*, and more recently in *State v.

Brown*, 130 Wn. App. 767, 124 P.3d 663 (2005). In *Brown*, the defendant asserted that

the same "duty to convict" instruction violated his right to a jury trial because the jury

instruction misled the jury into believing that it lacked the power to nullify. In rejecting

the defendant's argument, the *Brown* court held that the "duty" instruction does not

misstate the law, and thus no constitutional violation occurred. *Id.* at 770-71.

This court agreed with the reasoning of *Meggyesy* and *Brown* in *State v. Wilson*,

176 Wn. App. 147, 307 P.3d 823 (2013), *review denied*, 179 Wn.2d 1012 (2014), and

held that the "duty to convict" instruction at issue in that case did not violate the

defendant's constitutional right to a jury trial. *Id.* at 151.

Mr. Baker provides no persuasive argument to reverse these cases. The purpose of

a jury instruction is to provide the jury with the applicable law. *State v. Kennard*, 101

Wn. App. 533, 536-37, 6 P.3d 38 (2000) (quoting *State v. Tili*, 139 Wn.2d 107, 126, 985

P.2d 365 (1999)). The power of what amounts to jury nullification is not applicable law

here. Accordingly, we find the jury was properly instructed.

*Community Custody.* Finally, Mr. Baker contends that the court did not have the

statutory authority to impose a 48-month variable term of community custody contingent

upon the amount of early release time. The State concedes that 48 months is an incorrect

term of community custody, but asserts that the court should apply the sentencing laws in

effect when the crimes were committed.

The State is correct. Courts must correct an erroneous sentence upon discovery.

*In re Pers. Restraint of Call*, 144 Wn.2d 315, 331-32, 28 P.3d 709 (2001). A trial court

may only impose a sentence authorized by statute. *In re Pers. Restraint of Carle*, 93

Wn.2d 31, 604 P.2d 1293 (1980). Any sentence imposed under the authority of the

Sentencing Reform Act of 1981, chapter 9.94A RCW, must be in accordance with the law

in effect at the time the offense was committed. RCW 9.94A.345; *State v. Harvey*, 109

Wn. App. 157, 163, 34 P.3d 850 (2001), *overruled on other grounds in State v. Thomas*,

150 Wn.2d 666, 80 P.3d 168 (2003)). Whether the challenged aspects of a sentence were

imposed with the requisite statutory authority is a question of law, reviewed de novo.

*State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

Mr. Baker was convicted of crimes that took place between 1996 and 2008. The

community custody statutes in effect at the dates of the offenses are governed by separate

provisions. First, when a court sentences a person for a sex offense committed between

July 1, 1990, and June 6, 1996, former RCW 9.94A.120(9)(b) (1996) requires that it

impose "community placement for two years or up to the period of earned early release

. . . whichever is longer." Here, the two first degree child molestation offenses occurred

prior to June 6, 1996, so the sentencing court should have imposed two years of

community placement.

As to crimes committed in 2007, former RCW 9.94A.715 (2006) provided for a variable term of community custody. Under former RCW 9.94A.715, a sentencing court was required to sentence an offender "to community custody for the community custody range established under RCW 9.94A.850 or up to the period of earned release awarded pursuant to RCW 9.94A.728(1) and (2), whichever is longer." WAC 437-20-010 provided that the appropriate term of community custody for a sex offense was 36 to 48 months. Accordingly, we vacate the community custody portion of Mr. Baker's sentence and remand for imposition of community placement consistent with the law in effect between 1996 and 2008.

*Additional Grounds for Review.* In his pro se SAG, Mr. Baker claims that we should consider a letter from Sharon Skinner, in which she stated in part:

> During the trial I heard the Judge tell Attorney Holt that if [L.L.B.] admitted she had lied about being raped by someone in her home, which resulted in a Swat Team being sent to her house, that he (the Judge) would allow this information to be presented to the Jury. I, along with the Judge, the Attorney and others in the Courtroom, heard [L.L.B.] admit that she had lied about the rape.

Suppl. SAG at 3.

Mr. Baker also alleges that Jennifer L. Johnson, a former prosecutor in his case, was allowed to be a juror in his trial in violation of his due process right to a fair trial. Mr. Baker attaches handwritten copies of the initial information and a motion for arrest

12

signed by a "Jennifer L. Johnson" and a juror questionnaire signed by "Jennifer Johnson," claiming they are the same person.

These claims either involve matters outside the record, *State v. McFarland*, 127 Wn.2d 322, 335, 338 n.5, 899 P.2d 1251 (1995) (matters outside record must be raised in a personal restraint petition), or are insufficiently argued. RAP 10.10(c). Although RAP 10.10(c) states that citation to authorities is not required in statements of additional grounds for review, the rule also states that the appellate court will not consider the SAG for review if it does not inform the court of the nature and occurrence of the alleged errors. Here, Mr. Baker fails to adequately describe the nature and occurrence of any alleged errors as required by RAP 10.10(c). Accordingly, we are unable to address his claims.

Moreover, both claims would require us to consider affidavits and other evidence outside the record below and on appeal. RAP 9.2(b). If Mr. Baker wishes to raise issues of facts and evidence outside the record, he must raise them in a personal restraint petition. *McFarland*, 127 Wn.2d at 335.

13

We vacate the terms of community custody and remand for resentencing. We

otherwise affirm the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Price, J.P.T.

WE CONCUR:

Korsmo, J.

Siddoway, C.J.