IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34846-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DUSTIN HAWK CHAMBERS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Dustin H. Chambers appeals his conviction for failure

to register as a sex offender. We affirm.

BACKGROUND

The State set forth the following allegations in the amended information:

On or between February 9, 2016 and March 15, 2016 in the County of
Okanogan, State of Washington, [Dustin Hawk Chambers], having been
convicted on or about November 19, 2009, of a sex offense or kidnapping
offense that would be classified as a felony under the laws of Washington,
to wit: Indecent Liberties,[1] being required to register pursuant to
RCW 9A.44.130, and lacking a fixed address, did (1) knowingly fail to

---

[1] We deem the amended information as referring to "sex offense" as defined by
RCW 9A.44.128(10)(a)—"[a]ny offense defined as a sex offense by RCW 9.94A.030."
RCW 9.94A.030(47)(a)(i) defines "sex offense" as including a felony that is a violation
of chapter 9A.44 RCW other than RCW 9A.44.132. Indecent liberties is a felony that is a
violation of chapter 9A.44, specifically RCW 9A.44.100.

provide written notice to the county sheriff where he or she last registered within three business days of ceasing to have a fixed residence or (2) did knowingly fail to report weekly, in person, to the sheriff of the county where he or she is registered or (3) did knowingly fail to provide the county sheriff with an accurate accounting of where he or she stays during the week; contrary to Revised Code of Washington 9A.44.130(5).

Clerk's Papers (CP) at 44.

During motions in limine prior to the commencement of the trial, the State said it would not attempt to prove that Mr. Chambers's predicate offense was classified as a felony sex offense under the laws of Washington. Rather, the State said it would prove that Mr. Chambers's predicate offense triggered a duty for Mr. Chambers to register with the tribe, thereby satisfying an alternate definition of "sex offense."

RCW 9A.44.128(8) defines "kidnapping offense" in four different definitional subsections, and RCW 9A.44.128(10) defines "sex offense" in 12 different definitional subsections. The one noted by the State during motions in limine is RCW 9A.44.128, which provides:

> (10) "Sex offense" means:
> . . . .
> (l) Any tribal conviction for an offense for which the person would be required to register as a sex offender while residing in the reservation of conviction; or, if not required to register in the reservation of conviction, an offense that under the laws of this state would be classified as a sex offense under this subsection.

2

Mr. Chambers waived his right to a jury trial, and the case was tried to the bench. The State presented its evidence, and the defense did not call any witnesses. The trial court found Mr. Chambers guilty of the crime of failure to register as a sex offender, with the predicate offense being a tribal conviction for which Mr. Chambers was required to register as a sex offender while residing in the reservation of conviction.

Mr. Chambers appealed.

## ANALYSIS

### DUE PROCESS CHALLENGE

Mr. Chambers asserts that his conviction for failure to register as a sex offender must be reversed because the State violated his right to due process under the state and federal constitutions by failing to prove an essential element of the crime charged. He does not contest the adequacy of the charging document. Rather, he argues that failure to register is an alternative means crime, in that there are alternative predicate offenses that give rise to the registration requirements. Specifically, he argues the State specified in the amended information one alternative means to prove the predicate offense and failed to prove that means.

To be upheld, the State must prove every essential element of a crime charged beyond a reasonable doubt. *State v. Sibert*, 168 Wn.2d 306, 311, 230 P.3d 142 (2010). An element of the crime includes any alternative means for committing the crime that the State intends to rely on at trial. *State v. Goldsmith*, 147 Wn. App. 317, 324-25, 195 P.3d 98 (2008).

An alternative means crime is one in which the proscribed criminal conduct can be proved in various ways. *State v. Peterson*, 168 Wn.2d 763, 769, 230 P.3d 588 (2010). "'[D]efinition statutes do not create additional alternative means of committing an offense.'" *Id.* at 770 (quoting *State v. Linehan*, 147 Wn.2d 638, 646, 56 P.3d 542 (2002)).

In *Peterson*, our Supreme Court held that failure to register is not an alternative means crime. *Id.* at 771. *Peterson* noted, "[I]t is not necessary to draw a distinction between alternatives and definitions of alternatives where the crime at issue is not an alternative means crime at all." *Id.* Accordingly, the various definitions by which a "kidnapping offense" or a "sex offense" become a predicate offense are not essential elements of the crime of failure to register as a sex offender. Because this is the only aspect that Mr. Chambers asserts was not proved, we need not discuss whether other elements were sufficiently proved.

APPELLATE COSTS

Mr. Chambers requests that should he not substantially prevail on appeal, no appellate costs be awarded under RAP 14.2. The State takes no position. The State has substantially prevailed on appeal. The trial court properly made a determination of indigency and Mr. Chambers's likely future inability to pay.

RAP 14.2 governs the award of appellate costs. The rule generally requires an award of appellate costs to the party that substantially prevails. RAP 14.2. The rule permits an appellate court, in its decision, to decline an award of appellate costs, or to direct a commissioner or clerk to decide the issue. *Id.* A commissioner or clerk is precluded from awarding appellate costs if he or she finds that the defendant lacks the current or likely future ability to pay such costs. *Id.* If a trial court earlier found that the defendant was indigent for purposes of appeal, that finding continues unless the commissioner or clerk determines by a preponderance of the evidence that the defendant's financial circumstances have significantly improved since the earlier finding. *Id.*

Here, in the event the State requests appellate costs, we defer the issue to our commissioner. Because the trial court found that Mr. Chambers was indigent for purposes of appeal, that finding continues unless the commissioner finds by a

5

preponderance of the evidence that Mr. Chambers's financial circumstances have significantly improved.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____       _____
Fearing, C.J.                          Pennell, J.

6